956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lutrell DAVIS, Plaintiff-Appellant,
v.
William OKU, Defendant-Appellee.
 No. 90-16356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided March 2, 1992.
 
 1
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Lutrell Davis (Davis) appeals the district court's dismissal of his section 1983 action for failure to state any cognizable claims. We dismiss his appeal as untimely.
 
 
 4
 Davis is an inmate at the Halawa Correctional Facility in Aiea, Hawaii. In 1971, he was convicted of two counts of first degree burglary and released to the custody of the Hawaii Drug Rehabilitation program prior to sentencing. Without authorization, Davis left the program and the state, and a bench warrant was issued for his arrest. In 1977, the outstanding bench warrant was discovered and subsequently Davis was sentenced to two consecutive ten year terms for the 1971 burglary convictions.
 
 
 5
 Davis has filed numerous habeas petitions seeking relief as well as similar or identical section 1983 claims against William Oku (Oku), the administrator of the Halawa Correctional Facility. All have been dismissed or denied. The present appeal is from the dismissal of a civil rights action.
 
 DISCUSSION
 
 6
 On May 17, 1990, Judge Fong adopted the magistrate's report and recommendation, and dismissed Davis's complaint. On May 21, 1990, Davis filed a proper and timely notice of appeal from Judge Fong's May 17, 1990 order. Davis, however, continued to file papers with the district court after filing his notice of appeal. On May 24, 1990, three days after filing his notice of appeal, he filed a "Motion for Objection of Report and Recommendation Filed 4-18-90." Then, on May 30, 1990, he filed his "Objection to Report and Recommendation 4-18-90 by Magistrate Daral Conklin." Both documents request that the district court not adopt the magistrate's report and recommendation to dismiss the case.
 
 
 7
 A party may move the district court to alter or amend its judgment pursuant to Fed.R.Civ.P. 59(e). The motion must be made within ten days after entry of the judgment. Id. We construe Davis's "Motion for Objection" as a Rule 59(e) motion. The fact that he filed a notice of appeal before filing the "Motion for Objection" indicates his awareness of the district court's final judgment in his case. He asked the court to reconsider its decision; Rule 59(e) grants it the authority to do so. The district court did just that. Judge Fong withdrew his order, transferred the case to Judge Ezra, and on August 3, 1990 Judge Ezra dismissed the case.
 
 
 8
 But by moving the district court to reconsider its judgment, Davis vitiated the effect of his notice of appeal. Federal Rule of Appellate Procedure 4(a)(4) states: "A notice of appeal filed before the disposition of the ... [Rule 59] motion[ ] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." (emphasis added). See also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (upon the filing of a Rule 59 motion, " '[t]he appeal simply self-destructs.' ") (citation omitted). Since Davis did not file a new notice of appeal after Judge Ezra's dismissal of his case, we lack jurisdiction to hear his appeal. Fed.R.App.P. 4(a)(4).
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3